T.C. Memo. 2000-340

UNITED STATES TAX COURT

ANDREW FULLMAN, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 179-00.                    Filed November 3, 2000.

Andrew Fullman, pro se.

Gerald A. Thorpe, for respondent.

MEMORANDUM OPINION

POWELL, Special Trial Judge:  Respondent determined a
deficiency in petitioner's 1997 Federal income tax of $2,235.
Section references are to the Internal Revenue Code in effect for
the year in issue.

After concessions by petitioner,[1] the issue is whether amounts received from two churches for playing an organ during services are taxable under section 61. Petitioner resided in Philadelphia, Pennsylvania, at the time the petition was filed.

During 1997, petitioner received $8,177 from the Oak Grove Baptist Church (Oak Grove) and $3,437 from the Mt. Zion Baptist Church (Mt. Zion) for playing the organ during church services. Oak Grove issued a Form W-2, Wage and Tax Statement, and Mt. Zion issue a Form 1099-MISC to petitioner. Petitioner did not report any income from either church on his 1997 Federal income tax return.

Petitioner argues that he is a "'Minister of Music' and play[s] the organ for the glory of God. * * * God does not want His Church affiliated with the state". Even if we accept petitioner's statements, we fail to understand why the payments for his services are excludable from gross income.

Section 61(a) provides, inter alia, that "gross income means all income from whatever source derived, including * * * (1) Compensation for services". While the Internal Revenue Code does provide limited exclusions from gross income, there is no exclusion for income received by individuals from a church or

---

[1] Petitioner did not report $157 received from the Civil Service Retirement System in 1997. Respondent determined that the amount was included in gross income and that the additional tax under sec. 72(t) was applicable. Petitioner does not dispute these determinations.

other charitable organization for services.  See <u>Wilson v.</u>
<u>Commissioner</u>, T.C. Memo. 1963-188, affd. 340 F.2d 609 (5th Cir.
1965).  Nor is there any Constitutional prohibition on taxing
such income.  See, e.g., <u>Muste v. Commissioner</u>, 35 T.C. 913, 919
(1961).  Accordingly, respondent's determination is sustained.

<u>Decision will be entered</u>

<u>for respondent</u>.